

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Claude Isbell
Assistant Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-4790
Re: Sufficiency of notice to author-
ize the Secretary of State to
issue notice of intention to can-
cel and annul the filing of a
trade mark as provided in Arti-
cle 851-A of the Revised Civil
Statutes of Texas.

We have your letter of recent date requesting the
opinion of this department on the above subject. Such letter
omitting the formal parts reads as follows:

"This office has received the enclosed re-
quest from the legal firm of Spalding, Sibley, Trout-
man & Brock of Atlanta, Georgia, to cancel the trade
mark filed in this office of the Koke Company which
was filed on September 19, 1910. Along with this
letter they have submitted a photostatic copy of
the judgment rendered in the United States District
Court for the District of Arizona which is certified
by the Clerk of that Court.

"We are submitting these documents to you for
your consideration and would ask that you please
inform this office whether or not in your opinion
this is sufficient notice for the Secretary of State
to issue notice as requested in Art. 851a of the
Revised Civil Statutes of Texas.

". . . ."

The properly certified copy of the decree of the United
States District Court for the District of Arizona enclosed with
your letter is dated June 14, 1921. We note the decree was entered

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Claude Isbell, Page 2

to conform with the decision of the Supreme Court of the United States in the case of The Coca Cola Company vs. Koke Company of America, 65 L. Ed. 189, 254 U. S. 143, and that the defendants named in such decree are as follows: The Koke Company of America, The Southern Koke Company, Ltd., The Koke Company of Texas, The Koke Company of Oklahoma, and The Koke Company of Arkansas. The decree perpetually enjoins and restrains such defendants, their officers, servants, agents, employees, attorneys, licensees, transferees and assigns and all acting by or under their authority from using or employing in connection with the manufacture, advertisement, offering for sale or sale of any product not being a genuine product of the plaintiff the word "Coca Cola" or any like word or the word "Koke" or any like word and from claiming or asserting any right in the name "Koke" or interfering or threatening any prosecution or interference with the use thereof and from using or employing or authorizing the use or employment of labels, designs or devices identical with or like the labels, designs or devices of the plaintiff or the labels, designs or devices used by the defendants and referred to in the bill of complaint in such suit.

We also have your supplemental letter stating in effect that you are unable to determine the exact name of the registrant of the trade mark "Koke" and enclosing the application for the registration of the trade mark dated September 16, 1910, and the certificate of the Secretary of State as to such filing which certificate is dated September 19, 1910.

We note that the applicant is variously referred to in the application as "The Koke Company, Ltd." and as "Koke Company" and as "Koke Company, Ltd.". The certificate of the Secretary of State refers to the registrant as "Koke Company, Shreveport, Louisiana".

You will note that none of these names is the same as the name of any of the defendants as set out in the above mentioned decree.

Article 851-A of the Revised Civil Statutes of Texas reads as follows:

"Whenever it is brought to the attention of or becomes known to, the Secretary of State that any label, trade-mark, design, device, imprint or

Honorable Claude Isbell, Page 3

form of advertisement heretofore or hereafter filed with the office of the Secretary of State pursuant to the provisions of Article 851 of the Revised Civil Statutes of Texas of 1925, by any person, Association, or Union of working men, incorporated or unincorporated, has been abandoned or the use thereof has been discontinued for more than three years, it shall be the duty of the Secretary of State to cancel and annul such filing and withdraw the same from registration, after first giving to the registrant, or any assignee of record thirty days' notice of the intention so to do, which notice shall be by registered United States mail addressed to the last known address of the person, Association or Union of working men, incorporated or unincorporated, filing the same or any assignee thereof."

You will note that the Secretary of State is authorized to issue notice to the registrant of intention to cancel and annul the filing when it is brought to his attention or becomes known to him that the trade mark has been abandoned or the use thereof has been discontinued for more than three years. The letter from counsel for the Coca Cola Company does not state that the trade mark has been abandoned or that the use has been discontinued for more than three years. There is no evidence identifying the Texas registrant as one and the same corporation as any of the defendants named in the Federal Court decree and there is no evidence to show what connection, if any, the registrant has with such defendants.

It is our opinion, therefore, that nothing in the papers submitted to us is sufficient to bring to the Secretary of State's attention or make known to him the fact, if it exists, that the trade mark "Koke" has been abandoned or that the use thereof has been discontinued for more than three years. You are respectfully advised that these papers in our opinion would not authorize the Secretary of State to issue notice of intention to cancel as set out in Article 851-A of the Revised Civil Statutes of Texas.

Honorable Claude Isbell, Page 4


      We trust that the above is a sufficient answer to your question. All papers and instruments sent us in this connection are returned herewith.

            Yours very truly

            ATTORNEY GENERAL OF TEXAS

      By                    Donald Gay
                        Assistant

DG:mp
Encl.

APPROVED SEP 19, 1942

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN